3 *14*

**VIRGINIA**

**IN THE CIRCUIT COURT OF THE CITY OF ROANOKE**

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 0 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

JAMES C. JUSTICE COMPANIES, INC, et al

Plaintiffs,

V.                                     Case Number:  CL14-779
                                                     7:14-CV-193

XCOAL ENERGY & RESOURCES, et al,

Defendants.

    The United States District Court for the Western District of Virginia having requested that the original case file in this case be forwarded to that Court, to which this case has been removed under the applicable provisions of federal law, it is **ADJUDGED AND ORDERED** that the Clerk forward and transmit such case file to the Clerk of the United States District Court for the Western District of Virginia, and thereupon strike the matter from the pending docket of this Court, sending copies of this Order to all counsel of record.

Enter:  6 — 6 — 14

_____  Retired
                Judge, Judge Designate

A COPY TESTE BRENDA S. HAMILTON, CLERK
By:                              Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN - 3 2014

JULIA C. DUDLEY CLERK
BY: _____
DEPUTY CLERK

James C. Justice Companies, Inc., et al )
                                )
        Plaintiffs, )       Case No. 7:14cv193
                                )       State Court No. CL14-779
v.                               )
                                )        **O R D E R**
Xcoal Energy & Resources, et al, )
                                )
        Defendants. )

This case having been removed from your Court to the United States District Court for the Western District of Virginia at Roanoke, and this Court finding it necessary to do so, it is this day

## REQUESTED

that the original case file in your Court be forwarded to the Clerk of this Court at 210 Franklin Road, SW, Suite 540, Roanoke, VA 24011, said removal and transmittal of the file being in accordance with the law for these cases made and provided.

The Clerk is directed to send a certified copy of this Order to the Clerk of the Roanoke City Circuit Court.

ENTER: June 2, 2014

_James C. Turk_
Senior United States District Judge

A TRUE COPY, TESTE:
JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK



**LECLAIRRYAN**

April 22, 2014

CIRCUIT COURT
Received & Filed
APR 2 4 2014
By _____
Deputy Clerk
CITY OF ROANOKE

Brenda S. Hamilton, Clerk
Roanoke City Circuit Court
P. O. Box 2610
Roanoke, Virginia 24010-2610

      Re:    James C. Justice Companies, Inc.
             v. Xcoal Energy & Resources, et al.
             Case No. CL14-779

Dear Ms. Hamilton:

      Enclosed please find a Notice of Filing of Removal to Federal Court to be filed in this case.

      Thank you for your assistance.

                  Very truly yours,

                  Kevin P. Oddo

KPO/db
Enclosure
cc: Allen W. Dudley, Esquire (w/enc.)
08028.0400

E-mail: kevin.oddo@leclairryan.com
Direct Phone: 540.510.3020
Direct Fax: 540.510.3050

1800 Wells Fargo Tower, Drawer 1200
Roanoke, Virginia 24006
Phone: 540.510.3000 \ Fax: 540.510.3050

CALIFORNIA \ COLORADO \ CONNECTICUT \ MASSACHUSETTS \ MICHIGAN \ NEW JERSEY \ NEW YORK \ PENNSYLVANIA \ VIRGINIA \ WASHINGTON, D.C.

VIRGINIA

### IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| JAMES C. JUSTICE COMPANIES, INC., ) | |
| SOUTHERN COAL CORPORATION, ) | |
| SOUTHERN COAL SALES ) | |
| CORPORATION, VIRGINIA FUEL ) | Case No. CL 14-00779 |
| CORPORATION, KENTUCKY FUEL ) | |
| CORPORATION, TAMS ) | |
| MANAGEMENT, INC., A & G COAL ) | |
| CORPORATION, BLACK RIVER COAL, ) | |
| LLC, JUSTICE LOW SEAM MINING, ) | |
| INC., and SEQUOIA ENERGY, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| XCOAL ENERGY & RESOURCES, ) | |
| XCOAL ENERGY & RESOURCES, LLC ) | |
| and ERNIE L. THRASHER, ) | |
| ) | |
| Defendants. ) | |

CIRCUIT COURT
Received & Filed
4:15am
APR 2 2 2014
By _____
Deputy Clerk
CITY OF ROANOKE

### NOTICE OF REMOVAL OF CASE TO FEDERAL COURT

Please take notice, pursuant to 28 U.S.C. § 1446(d), that on this 22nd day of April, 2014,

Defendants XCoal Energy & Resources ("XCoal"), XCoal Energy & Resources, LLC ("XCoal

LLC") and Ernie L. Thrasher ("Mr. Thrasher") (collectively, "Defendants"), by and through their

undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446(b), filed with

the Clerk of the United States District Court for the Western District of Virginia, Roanoke

Division, a Notice of Removal, a copy of which is attached hereto and incorporated herein as

Exhibit A.

Please take further notice that, pursuant to 28 U.S.C. § 1446, the filing of this Notice

effects the removal of this action to the United States District Court for the Western District of

Virginia.

Respectfully Submitted,

By: _Kevin P. Oddo_

April 22, 2014

Kevin P. Oddo (VSB 27503)
**LeClairRyan, A Professional Corporation**
1800 Wells Fargo Tower
Drawer 1200
Roanoke, VA 24006
Telephone: (540) 510-3020
Facsimile: (540) 510-3050

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal to

Federal Court was served by first class U.S. mail, postage prepaid, and by facsimile [(540) 301-

5919] on the 22nd day of April, 2014 upon the following counsel of record for Plaintiffs:

Allen W. "A.J." Dudley, Jr., Esquire
Dustin M. Deane, Esquire
James C. Justice Companies, Inc. and Affiliates
302 S. Jefferson Street
Roanoke, VA 24011

_Kevin P. Oddo_

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JAMES C. JUSTICE COMPANIES, INC.,  )
SOUTHERN COAL CORPORATION,  )
SOUTHERN COAL SALES  )
CORPORATION, VIRGINIA FUEL  )
CORPORATION, KENTUCKY FUEL  )
CORPORATION, TAMS  )
MANAGEMENT, INC., A & G COAL  )
CORPORATION, BLACK RIVER COAL,  )
LLC, JUSTICE LOW SEAM MINING,  )
INC., and SEQUOIA ENERGY, LLC,  )
                                    )      C.A. No. 7:14-CV-____
        Plaintiffs,  )
                                        )
     v.  )
                                          )
XCOAL ENERGY & RESOURCES,  )
XCOAL ENERGY & RESOURCES, LLC  )
and ERNIE L. THRASHER,  )
                                          )
        Defendants.  )

## NOTICE OF REMOVAL

      Defendants XCoal Energy & Resources ("XCoal"), XCoal Energy & Resources, LLC

("XCoal LLC") and Ernie L. Thrasher ("Mr. Thrasher") (collectively, "Defendants"), by and

through their undersigned counsel, and pursuant to 28 U.S. C. §§ 1332(a)(1), 1441(a) and

1446(b), file this Notice of Removal of this action from the Circuit Court for the City of

Roanoke, Virginia to the United States District Court for the Western District of Virginia,

Roanoke Division. As grounds for removal, Defendants state as follows:

      1.      On April 15, 2014, James C. Justice Companies, Inc. ("JCJC"), Southern Coal

Corporation ("SCC"), Southern Coal Sales Corporation ("SCSC"), Virginia Fuel Corporation

("VFC"), Kentucky Fuel Corporation ("KFC"), Tams Management, Inc. ("TMI"), A & G Coal

Corporation ("AGCC"), Black River Coal, LLC, ("BRC") Justice Low Seam Mining, Inc.,

**EXHIBIT**

*A*

("JLSM") and Sequoia Energy, LLC ("SEL") (collectively, "Plaintiffs"), commenced an action in the Circuit Court for the City of Roanoke, Virginia at Case No. CL 14-779 (the "State Court Action") against the Defendants.

2.     A copy of the Complaint filed by Plaintiffs in the State Court Action is attached hereto as Exhibit A. No other process, pleadings or orders have been received by the Defendants.

3.     As demonstrated by Plaintiffs' allegations in their Complaint in the State Court Action, this Court has original jurisdiction based upon diversity of citizenship between the Plaintiffs and the Defendants under 28 U.S.C. §1332(a)(1). In particular:

(a)     JCJC is a Delaware corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 1;*

(b)     SCC is a Delaware corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 2;*

(c)     SCSC is a Delaware corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 3;*

(d)     VFC is a Delaware corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 4;*

(e)     KFC is a Delaware corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 5;*

(f)     TMI is a West Virginia corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 6;*

(g)     AGCC is a Virginia corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 7;*

(h)     BRC is a Delaware corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 8;*

(i)     JLSM is a West Virginia corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 9;*

(j)     SEL is a Kentucky corporation with its principal place of business in Roanoke, Virginia. *Exhibit A Para. 10;*

(k)     XCoal is a Pennsylvania limited partnership with its principal place of business in Latrobe, Pennsylvania and none of its partners is a citizen of Virginia, Delaware, West Virginia or Kentucky;

(l)     XCoal LLC is a Pennsylvania limited liability company with its principal place of business in Latrobe, Pennsylvania and none of its partners is a citizen of Virginia Delaware, West Virginia or Kentucky; and

(m)     Mr. Thrasher is a Florida citizen and resident.

4.     Removal is authorized because the State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that Defendants may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). None of the Defendants is a citizen of Virginia.

5.     The State Court Action is a civil action between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00). Indeed, the same Plaintiffs filed on April 11, 2014 what appears to be a virtually identical lawsuit (the "Related WDVa Action")[1] against the same Defendants in which they specifically alleged that "This Court has subject matter jurisdiction over this action because it is between citizens and

---

[1] The Complaint filed of record contains redactions by Plaintiffs. However, a comparison of the unredacted portions and the format and structure of the State Court Action Complaint to the Complaint filed by Plaintiffs in the Related WDVa Action indicates that their substance essentially is the same.

residents of different states and because the amount in controversy, excluding interest and costs, exceeds the sum of $75,000." *See James C. Justice Companies, Inc. Southern Coal Corporation, Southern Coal Sales Corporation, Virginia Fuel Corporation, Kentucky Fuel Corporation, TAMS Management, Inc., A & G Coal Corporation, Black River Coal, LLC, Justice Low Seam Mining, Inc. and Sequoia Energy, LLC v. Xcoal Energy & Resources, Xcoal Energy & Resources, LLC and Ernie L. Thrasher*, Case No. 7:14-cv-00170-JCT in the U.S. District Court for the Western District of Virginia (Roanoke). *ECF No.* 1 Para. 14. *See also Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (where complaint seeks declaration that a contract was null and void, the amount in controversy satisfied the monetary requirement for diversity jurisdiction where the monetary value of the contract was worth more than $75,000); and *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) ("[I]n cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy.").

6.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after receipt by Defendants of a copy of the initial pleading setting forth the claim for relief upon which the Plaintiffs' action or proceeding is based.

7.    Defendants are therefore entitled to remove the State Court Action to this Court, *i.e.*, the federal district court for the district and division embracing the City of Roanoke. *See* 28 U.S.C. § 1441(a).

8.    Counsel for Defendants will serve copies of this Notice of Removal upon (1) all parties and/or their counsel; and (2) the Clerk of the Circuit Court for the City of Roanoke, Virginia in accordance with the provisions of 28 U.S.C. § 1446(d).

9.    Defendants reserve all rights and objections, whether substantive or procedural (including but not limited to all matters or challenges as to jurisdiction, forum or venue), and the

removing of Plaintiffs' State Court Action and/or the filing of this Notice of Removal does not waive or prejudice in any manner or to any extent Defendants' such rights and objections, all of which hereby are expressly preserved.

WHEREFORE, Defendants respectfully request that this Court assume full jurisdiction over this action as if Plaintiffs had originally commenced the same with this Court.

Respectfully Submitted,

By:   /s/ Kevin P. Oddo

April 22, 2014

Kevin P. Oddo (VSB 27503)
LeClairRyan, A Professional Corporation
1800 Wells Fargo Tower
Drawer 1200
Roanoke, VA 24006
Telephone: (540) 510-3020
Facsimile:  (540) 510-3050
kevin.oddo@leclairryan.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was

served by first class U.S. mail, postage prepaid, and by facsimile [(540) 301-5919] on the 22nd

day of April, 2014 upon the following counsel of record for Plaintiffs:

Allen W. "A.J." Dudley, Jr., Esquire
Dustin M. Deane, Esquire
James C. Justice Companies, Inc. and Affiliates
302 S. Jefferson Street
Roanoke, VA 24011

/s/ Kevin P. Oddo
Kevin P. Oddo (VSB 27503)
LeClairRyan, A Professional Corporation
1800 Wells Fargo Tower
Drawer 1200
Roanoke, VA 24006
Telephone: (540) 510-3020
Facsimile: (540) 510-3050
kevin.oddo@leclairryan.com

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

CIRCUIT COURT
Received & Filed
4:15 pm
APR 15 2014
By _Connie P. Lugnola_
Deputy Clerk
CITY OF ROANOKE

JAMES C. JUSTICE COMPANIES, INC.,)
SOUTHERN COAL CORPORATION,)
SOUTHERN COAL SALES)
CORPORATION, VIRGINIA FUEL)
CORPORATION, KENTUCKY FUEL)
CORPORATION, TAMS MANAGEMENT,)
INC., A & G COAL CORPORATION,)
BLACK RIVER COAL, LLC, JUSTICE LOW)
SEAM MINING, INC. and SEQUOIA)
ENERGY, LLC,)
            )
        Plaintiffs,)
      v.)
            )
XCOAL ENERGY & RESOURCES, XCOAL)
ENERGY & RESOURCES, LLC and)
ERNIE L. THRASHER,)
            )
        Defendants.)

Case No. CL 14-779

## COMPLAINT

Plaintiffs, James C. Justice Companies, Inc. ("JCJC"), Southern Coal Corporation

("SCC"), Southern Coal Sales Corporation ("SCS"), Virginia Fuel Corporation ("VFC"),

Kentucky Fuel Corporation ("KFC"), Tams Management, Inc. ("TMI"), A & G Coal

Corporation ("A & G"), Black River Coal, LLC ("BRC"), Justice Low Seam Mining, Inc.

("JLS") and Sequoia Energy, LLC ("Sequoia Energy"), for their Complaint against the

defendants, Xcoal Energy & Resources ("Xcoal"), Xcoal Energy & Resources, LLC ("Xcoal

LLC" and, together with Xcoal, "the Xcoal defendants"), and Ernie L. Thrasher ("Thrasher"),

allege and state:

1

EXHIBIT
A

## THE PARTIES, JURISDICTION AND VENUE

1.      JCJC is Delaware corporation with its principal place of business in Roanoke, Virginia.

2.      SCC is a Delaware corporation with its principal place of business in Roanoke, Virginia. SCC is affiliated with JCJC and the other plaintiffs.

3.      SCS is a Delaware corporation with its principal place of business in Roanoke, Virginia. SCS is a wholly-owned subsidiary of SCC.

4.      VFC is a Delaware corporation with its principal place of business in Roanoke, Virginia. VFC is a wholly-owned subsidiary of SCC.

5.      KFC is a Delaware corporation with its principal place of business in Roanoke, Virginia. KFC is a wholly-owned subsidiary of SCC.

6.      TMI is a West Virginia corporation with its principal place of business in Roanoke, Virginia. TMI is a wholly-owned subsidiary of SCC.

7.      A & G is a Virginia corporation with its principal place of business in Roanoke, Virginia. A & G is a wholly-owned subsidiary of SCC.

8.      BRC is a Delaware corporation with its principal place of business in Roanoke, Virginia. BRC is a wholly-owned subsidiary of SCC.

9.      JLS is a West Virginia corporation with its principal place of business in Roanoke, Virginia. JLS is a wholly-owned subsidiary of SCC.

10.     Sequoia Energy is a Kentucky corporation with its principal place of business in Roanoke, Virginia. Sequoia Energy is a wholly-owned subsidiary of SCC.

11.     Xcoal is, upon information and belief, a Pennsylvania limited partnership with its principal place of business in Latrobe, Pennsylvania.

Case 7:14-cv-00193-MFU-RSB   Document 18   Filed 06/10/14   Page 13 of 34   Pageid#: 44

12.  Xcoal LLC is, upon information and belief, a Pennsylvania limited liability company with its principal place of business in Latrobe, Pennsylvania. Upon information and belief, none of Xcoal's members are citizens or residents of Delaware or Virginia.

13.  Thrasher, upon information and belief, is a citizen and resident of Florida, and he is the principal owner of the Xcoal defendants as well as Xcoal LLC's managing partner.

14.  This Court has jurisdiction over this action because the amount in controversy, excluding interest and costs, exceeds the sum required by this Court.

15.  The Xcoal defendants are subject to jurisdiction in this Court because the claims asserted herein arise, in material part, from their doing business in Virginia including, *inter alia*, from entering into contracts which were to be performed by Xcoal in Virginia inclusive of a Mutual Release.

16.  Thrasher is subject to jurisdiction in this Court because the claims asserted herein arise, in material part, from the Mutual Release entered in Virginia and torts committed in and injury incurred by plaintiffs in Virginia and because he caused and directed the Xcoal defendants' acts of doing business in Virginia out of which this action arises.

17.  Venue is proper in this Court because a substantial portion of the events and omissions giving rise to this action took place in this District.

18.  On June 18, 2012, plaintiffs in this action commenced an action against defendants in this action that was filed as Case No. 7:12cv00265 (the "Lawsuit") in the U.S. District Court for the Western District of Virginia, Roanoke Division. As set forth in plaintiffs' pleadings in the Lawsuit, defendant's illegal actions caused plaintiffs extreme financial duress.

3

19.     In order to resolve the Lawsuit, plaintiffs in good faith, under the financial duress that defendants had caused, and believing that defendants were acting in good faith entered into a settlement of the Lawsuit that involved the signing of the Mutual Release.

20.     ████████████████████████████████████████████
████████████████████████████████████████████
███████████████

21.     ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████

22.     ████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████
██████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████

23.     ████████████████████████████████████████████
████████████████████████████████████████████

4

24. ██████████████████████████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████.

25. ██████████████████████████████████████████████
██████████████████████████

26. ██████████████████████████████████████████████
██████████████████████████████

27. Based on the belief that defendants would act in good faith regarding the Mutual Release and the varying commitments required of those defendants by the Mutual Release and the various agreements entered pertaining to the Mutual Release, plaintiffs agreed to the dismissal of their claims in the Lawsuit.

28. Compliance with the Mutual Release and the terms of the various agreements that were required by the Mutual Release were essential terms of the bargain for the Mutual Release.

29. Defendants, however, did not and have not proceeded to perform the commitments required of them and have in fact acted fraudulently as to plaintiffs with respect to the duties of defendants to perform. The illegal actions of the defendants are a continuation of the same kind of wrongful actions that led to the filing of the Lawsuit jeopardizing hundreds of jobs in this District and elsewhere.

██████████████████████████████████████████████
██████████████████████

5

[REDACTED]

[REDACTED]

[REDACTED]

b. Defendants represented that they had existing contracts with Norfolk Southern Railway that would permit defendants to charge plaintiffs those rates with respect to shipments of coal. But defendants did not have those existing contracts and have been attempting to charge freight rates at higher than those to which defendants committed.

c. Additionally, upon information and belief defendants after execution of the Mutual Release and Coal Supply Agreement and to plaintiffs' detriment, have entered into new agreements with Norfolk Southern Railway specific to plaintiffs' coal delivers providing for higher rates than those represented to plaintiffs.

d. Defendants' representations about their existing railroad freight rate contracts with Norfolk Southern Railway to deliver the coal they proposed to buy from SCS, as set forth in the paragraph above, were false and constitute a misrepresentation of existing fact, which defendants made in order to induce SCS's reliance thereupon. [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] SCS justifiably relied upon defendants' misstatements by entering into the Mutual Release. Plaintiffs' reliance upon defendants' misrepresentations and fraudulent conduct has inured to their detriment.

e. [REDACTED]

[REDACTED]

[REDACTED]

6

f. ████████████████████████████████████████████████

████████████████████

g. ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

h. ████████████████████████████████████████████████

████████████████████████████████████

31.    Following receipt of the Notice of Default, defendants have intentionally and willfully engaged in a further fraudulent course of conduct. Plaintiffs did not know that defendants were acting in bad faith.

32.    Since the Notice of Default, defendants have issued a number of letters to plaintiffs in an effort to disguise the fact that defendants were not going to make any further payment for shipped coal.

33.    Since the Notice of Default, defendants hurriedly ordered trains of coal for all vols of coal required of it.

34.    Prior to the Notice of Default, defendants had not ordered trains of coal for all vols of coal required to be ordered.

35.    Based on information and belief, defendants had no intent to pay for these trains of coal but were engaged in a subterfuge and fraud to induce having these shipments fulfilled without any intent to pay for them.

36.    ████████████████████████████████████████████████

████████████████████████████

7

37.



38.

39.

40.

Wherefore, plaintiffs pray for the following relief:

8

(a)  A declaratory judgment finding that the conduct of the defendants has resulted in a material breach of the Mutual Release that thereby permits plaintiffs to void the Mutual Release and that permits plaintiffs to proceed under the Lawsuit.

(b)  Entry of an order that prohibits the defendants from taking any action in any other forum except this one that has jurisdiction over an action involving the Mutual Release.

(c)  Such other relief as is just and proper under the circumstances.

Respectfully submitted,

By: _____
Allen W. "A.J." Dudley, Jr., (vsb #44013)
*General Counsel for Litigation and Risk*
Dustin M. Deane (vsb # 83804)
*Associate General Counsel*
James C. Justice Companies, Inc. and Affiliates
302 S. Jefferson Street
Roanoke, Virginia 24011
Telephone (540) 776-7890
Facsimile (540) 301-5919
      *for Plaintiffs*

9

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

```
                                           )
JAMES C. JUSTICE COMPANIES, INC.,)
SOUTHERN COAL CORPORATION,)
SOUTHERN COAL SALES)
CORPORATION, VIRGINIA FUEL)
CORPORATION, KENTUCKY FUEL)
CORPORATION, TAMS MANAGEMENT,)
INC., A & G COAL CORPORATION,)              Case No. CL 14-779
BLACK RIVER COAL, LLC, JUSTICE LOW)
SEAM MINING, INC. and SEQUOIA)
ENERGY, LLC,                    )
                                           )
                        Plaintiffs,        )
               v.                          )
                                           )
XCOAL ENERGY & RESOURCES, XCOAL)
ENERGY & RESOURCES, LLC and)
ERNIE L. THRASHER,              )
                                           )
                        Defendants.        )
```

## COMPLAINT

Plaintiffs, James C. Justice Companies, Inc. ("JCJC"), Southern Coal Corporation ("SCC"), Southern Coal Sales Corporation ("SCS"), Virginia Fuel Corporation ("VFC"), Kentucky Fuel Corporation ("KFC"), Tams Management, Inc. ("TMI"), A & G Coal Corporation ("A & G"), Black River Coal, LLC ("BRC"), Justice Low Seam Mining, Inc. ("JLS") and Sequoia Energy, LLC ("Sequoia Energy"), for their Complaint against the defendants, Xcoal Energy & Resources ("Xcoal"), Xcoal Energy & Resources, LLC ("Xcoal LLC" and, together with Xcoal, "the Xcoal defendants"), and Ernie L. Thrasher ("Thrasher"), allege and state:

Filed in the Clerk's Office this 15 day of April 20 14

| | | | |
|---|---|---|---|
| Writ Tax | $ 5.00 | 206 Fee | $ |
| Fee | 50.00 | Teste: | 229-F2 00 |
| Ub Fee | 4.00 | BRENDA S. HAMILTON, CLERK |
| 123 Fee | 9.00 | |
| 106 Fee | 5.00 | |
| 170 Fee | 10.00 | Katie Thomas DC |
| 147 Fee | 1.00 | |
| Total Paid | $ 86.00 | |

1

## THE PARTIES, JURISDICTION AND VENUE

1.      JCJC is Delaware corporation with its principal place of business in Roanoke, Virginia.

2.      SCC is a Delaware corporation with its principal place of business in Roanoke, Virginia.  SCC is affiliated with JCJC and the other plaintiffs.

3.      SCS is a Delaware corporation with its principal place of business in Roanoke, Virginia.  SCS is a wholly-owned subsidiary of SCC.

4.      VFC is a Delaware corporation with its principal place of business in Roanoke, Virginia.  VFC is a wholly-owned subsidiary of SCC.

5.      KFC is a Delaware corporation with its principal place of business in Roanoke, Virginia.  KFC is a wholly-owned subsidiary of SCC.

6.      TMI is a West Virginia corporation with its principal place of business in Roanoke, Virginia.  TMI is a wholly-owned subsidiary of SCC.

7.      A & G is a Virginia corporation with its principal place of business in Roanoke, Virginia.  A & G is a wholly-owned subsidiary of SCC.

8.      BRC is a Delaware corporation with its principal place of business in Roanoke, Virginia.  BRC is a wholly-owned subsidiary of SCC.

9.      JLS is a West Virginia corporation with its principal place of business in Roanoke, Virginia.  JLS is a wholly-owned subsidiary of SCC.

10.     Sequoia Energy is a Kentucky corporation with its principal place of business in Roanoke, Virginia.  Sequoia Energy is a wholly-owned subsidiary of SCC.

11.     Xcoal is, upon information and belief, a Pennsylvania limited partnership with its principal place of business in Latrobe, Pennsylvania.

2

12.     Xcoal LLC is, upon information and belief, a Pennsylvania limited liability company with its principal place of business in Latrobe, Pennsylvania. Upon information and belief, none of Xcoal's members are citizens or residents of Delaware or Virginia.

13.     Thrasher, upon information and belief, is a citizen and resident of Florida, and he is the principal owner of the Xcoal defendants as well as Xcoal LLC's managing partner.

14.     This Court has jurisdiction over this action because the amount in controversy, excluding interest and costs, exceeds the sum required by this Court.

15.     The Xcoal defendants are subject to jurisdiction in this Court because the claims asserted herein arise, in material part, from their doing business in Virginia including, *inter alia*, from entering into contracts which were to be performed by Xcoal in Virginia inclusive of a Mutual Release.

16.     Thrasher is subject to jurisdiction in this Court because the claims asserted herein arise, in material part, from the Mutual Release entered in Virginia and torts committed in and injury incurred by plaintiffs in Virginia and because he caused and directed the Xcoal defendants' acts of doing business in Virginia out of which this action arises.

17.     Venue is proper in this Court because a substantial portion of the events and omissions giving rise to this action took place in this District.

18.     On June 18, 2012, plaintiffs in this action commenced an action against defendants in this action that was filed as Case No. 7:12cv00265 (the "Lawsuit") in the U.S. District Court for the Western District of Virginia, Roanoke Division. As set forth in plaintiffs' pleadings in the Lawsuit, defendant's illegal actions caused plaintiffs extreme financial duress.

3

19.     In order to resolve the Lawsuit, plaintiffs in good faith, under the financial duress that defendants had caused, and believing that defendants were acting in good faith entered into a settlement of the Lawsuit that involved the signing of the Mutual Release.

20.     ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████

21.     ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████

22.     ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████
            ████████████████████████████████████████
            ████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████

23.     ████████████████████████████████████████████
████████████████████████████████████████████████████

4

████████████████████████████████████████████████

████████████████████████████████████

24.   ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████ .

25.   ████████████████████████████████████████████

█████████████████████████████

26.   ████████████████████████████████████████████

████████████████████████████████████

27.    Based on the belief that defendants would act in good faith regarding the Mutual Release and the varying commitments required of those defendants by the Mutual Release and the various agreements entered pertaining to the Mutual Release, plaintiffs agreed to the dismissal of their claims in the Lawsuit.

28.    Compliance with the Mutual Release and the terms of the various agreements that were required by the Mutual Release were essential terms of the bargain for the Mutual Release.

29.    Defendants, however, did not and have not proceeded to perform the commitments required of them and have in fact acted fraudulently as to plaintiffs with respect to the duties of defendants to perform. The illegal actions of the defendants are a continuation of the same kind of wrongful actions that led to the filing of the Lawsuit jeopardizing hundreds of jobs in this District and elsewhere.

████████████████████████████████████████████

████████████████████

5

[REDACTED]

b. Defendants represented that they had existing contracts with Norfolk Southern Railway that would permit defendants to charge plaintiffs those rates with respect to shipments of coal. But defendants did not have those existing contracts and have been attempting to charge freight rates at higher than those to which defendants committed.

c. Additionally, upon information and belief defendants after execution of the Mutual Release and Coal Supply Agreement and to plaintiffs' detriment, have entered into new agreements with Norfolk Southern Railway specific to plaintiffs' coal delivers providing for higher rates than those represented to plaintiffs.

d. Defendants' representations about their existing railroad freight rate contracts with Norfolk Southern Railway to deliver the coal they proposed to buy from SCS, as set forth in the paragraph above, were false and constitute a misrepresentation of existing fact, which defendants made in order to induce SCS's reliance thereupon. [REDACTED]

[REDACTED] SCS justifiably relied upon defendants' misstatements by entering into the Mutual Release. Plaintiffs' reliance upon defendants' misrepresentations and fraudulent conduct has inured to their detriment.

e. [REDACTED]

6

f. ████████████████████████████████████████████████████

████████████████

g. ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

h. ████████████████████████████████████████████████

████████████████████████████████████████████

31.     Following receipt of the Notice of Default, defendants have intentionally and willfully engaged in a further fraudulent course of conduct.  Plaintiffs did not know that defendants were acting in bad faith.

32.     Since the Notice of Default, defendants have issued a number of letters to plaintiffs in an effort to disguise the fact that defendants were not going to make any further payment for shipped coal.

33.     Since the Notice of Default, defendants hurriedly ordered trains of coal for all vols of coal required of it.

34.     Prior to the Notice of Default, defendants had not ordered trains of coal for all vols of coal required to be ordered.

35.     Based on information and belief, defendants had no intent to pay for these trains of coal but were engaged in a subterfuge and fraud to induce having these shipments fulfilled without any intent to pay for them.

36.     ████████████████████████████████████████████████

████████████████████████

37. 

38.

39.

40.

Wherefore, plaintiffs pray for the following relief:

8

(a) A declaratory judgment finding that the conduct of the defendants has resulted in a material breach of the Mutual Release that thereby permits plaintiffs to void the Mutual Release and that permits plaintiffs to proceed under the Lawsuit.

(b) Entry of an order that prohibits the defendants from taking any action in any other forum except this one that has jurisdiction over an action involving the Mutual Release.

(c) Such other relief as is just and proper under the circumstances.

Respectfully submitted,

By: _____
Allen W. "A.J." Dudley, Jr., (vsb #44013)
*General Counsel for Litigation and Risk*
Dustin M. Deane (vsb # 83804)
*Associate General Counsel*
James C. Justice Companies, Inc. and Affiliates
302 S. Jefferson Street
Roanoke, Virginia 24011
Telephone (540) 776-7890
Facsimile (540) 301-5919
*for Plaintiffs*

9



April 15, 2014

CIRCUIT COURT
Received & Filed
4:15 Pm
APR 1 5 2014
By _Katie Thomas_
Deputy Clerk
CITY OF ROANOKE

**VIA HAND**

**Brenda S. Hamilton**
**Clerk of Court**
**Circuit Court for the City of Roanoke, Va.**
**P.O. Box 2610**
**315 West Church Avenue**
**Roanoke, VA  24010-2610**

      Re:    *James C. Justice Companies, Inc., et al. v. XCoal Energy & Resources, et al.*

Dear Madam Clerk:

    Enclosed please find an original version of a redacted Complaint that we ask you to file.   Also enclosed is a copy of this same document, which we ask you to time-stamp and return to us.   A civil cover page and filing fee should also be with these documents.

    At appropriate time, we will file an un-redacted version of this Complaint, with a motion to seal same and related order for the Court's consideration.

    Thank you for your attention to this matter.

              Very truly yours,

              Allen "A.J." Dudley, Jr.
              *General Counsel, Litigation & Risk Management*
              *James C. Justice Companies, Inc. and Affiliates*

**Enclosures**

| 1st Hearing | 2nd Hearing | 3rd Hearing | 4th Hearing | CODE | HEARING RESULT |
|---|---|---|---|---|---|
| | | | | CO | **CARRIED OVER** (Evidence taken- No Order) |
| | | | | C | **CONTINUED** (Requires future date) |
| | | | | CG | **CONTINUED GENERALLY** |
| | | | | DJ | **DEFAULT JUDGMENT** |
| | | | | D | **DENIED** (Motions only) |
| | | | | DIS | **DISMISSED** |
| | | | | G | **GRANTED** (Motions only) |
| | | | | HOP | **HEARING ORDER PENDING** (Evidence taken-Order Later) |
| | | | | M | **MISTRIAL** |
| | | | | NA | **NO APPEARANCE** (Hearing set/no appearance or cancellation) |
| | | | | NS | **NON SUIT** |
| | | | | R | **RESOLVED** (Hearing Settled-No Order) |
| | | | | ROP | **RESOLVED ORDER PENDING** (Settled prior to hearing-Order Later) |
| | | | | SET | **SET FOR TRIAL** (Praecipe filed-Case Set) |
| | | | | SETL | **SETTLED** |
| | | | | TOP | **TRIAL ORDER PENDING** (Evidence taken-Order Later) |
| | | | | TRYD | **TRIED** |
| | | | | UA | **UNDER ADVISEMENT** (Evidence taken-decision under advisement) |
| | | | | WD | **WITHDRAWN** (Motion withdrawn –No Order) |

## CASE DISPOSITION

| APPEAL/REMOVAL | _____ | SETTLED/DISMISSED | DIS | _____ |
|---|---|---|---|---|
| ALL OTHER LAW | _____ | DEFAULT JUDGMENT | DJ | _____ |
| DIVORCE | _____ | TRIAL JUDGE WITNESS | TJW | _____ |
| ALL OTHER EQUITY | _____ | DEPOSITIONS | DEP | _____ |
| J & D APPEALS | _____ | COMMISSIONER'S REPORT | RC | _____ |
| | | TRANSFERRED | TRN | _____ |
| | | REMANDED | REM | _____ |
| | | JURY TRIAL | TJ | _____ |

### Roanoke City
### *Hearing Result Worksheet*©

07/01 msw/n:/civil/masterforms/hearing result worksheet.doc

| 3 YEAR RULE | P3Y | _____ |
|---|---|---|
| OTHER | OTH | _____ |

# COMMONWEALTH OF VIRGINIA



OFFICIAL RECEIPT

CITY OF ROANOKE CIRCUIT COURT
315 CHURCH AVE SW
ROANOKE, VA 24016
540-853-6702
CIVIL

```
DATE: 04/15/14 TIME: 16:15:03 ACCOUNT: 770CL14000779-00   RECEIPT: 14000008770
CASHIER: RAT   REG: UC06  FILING: DECL  TYPE: FULL PAYMENT
CASE COMMENTS: JAMES C JUSTICE COMPANI V. XCOAL ENERGY & RESOURCE
  SUIT AMOUNT:        $.00
ACCT OF: JAMES C JUSTICE COMPANIES INC  RECD: SOUTHERN COAL SALES CORP
  CHECK:      $86.00   008211
DESCRIPTION 1:  PLAINTIFF: JAMES C JUSTICE COMPANIES INC
          2: NO HEARING SCHEDULED
CODE DESCRIPTION              PAID  CODE DESCRIPTION              PAID
304  CLERK CIVIL FEE          50.00 049  WRIT TAX - CIVIL          5.00
106  TECHNOLOGY TRST FND       5.00 123  LEGAL AID FEE             9.00
147  INDIGENT ASSISTANCE       1.00 170  COURT TECH FUND          10.00
219  LAW LIBRARY               4.00 229  CHMF                      2.00

                                    TENDERED    :              86.00
                                    AMOUNT PAID:              86.00
                                    CHANGE AMT :               .00
                    RECEIPT COPY 1 OF 2

              CLERK OF COURT: BRENDA S. HAMILTON
```

FORM DC-18

**COVER SHEET FOR FILING CIVIL ACTIONS**
COMMONWEALTH OF VIRGINIA

Case No. _CL14-779_
(CLERK'S OFFICE USE ONLY)

ROANOKE CITY _____ Circuit Court

James C. Justice Companies, Inc. et al v./In re: Xcoal Energy & Resources, LLC et al.
PLAINTIFF(S) _____ DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Counterclaim
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
    [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
[ ] ABC Board
[ ] Board of Zoning
[ ] Compensation Board
[ ] DMV License Suspension
[ ] Employee Grievance Decision
[ ] Employment Commission
[ ] Local Government
[ ] Marine Resources Commission
[ ] School Board
[ ] Voter Registration
[ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
    [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
    [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
    [ ] Complaint – Contested*
    [ ] Complaint – Uncontested*
    [ ] Counterclaim/Responsive Pleading
    [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
    [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

CIRCUIT COURT
Received & Filed
4:15 PM
APR 15 2014
By _Katie Thomas_
Deputy Clerk
CITY OF ROANOKE

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
    [ ] Guardian/Conservator
    [ ] Standby Guardian/Conservator
[ ] Trust (select one)
    [ ] Impress/Declare
    [ ] Reformation
[ ] Will (select one)
    [ ] Construe
    [ ] Contested

**MISCELLANEOUS**
[ ] Appointment (select one)
    [ ] Church Trustee
    [ ] Conservator of Peace
    [ ] Marriage Celebrant
[ ] Bond Forfeiture Appeal
[X] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
    [ ] Reinstatement pursuant to § 46.2-427
    [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
    [ ] Correct Erroneous State/Local
    [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[ ] Damages in the amount of $ _____ are claimed.

_4/15/14_
DATE

_Dustin M. Deane_
PRINT NAME

_302 S. Jefferson St, Suite 500, Roanoke, VA 24011_
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

_540.776.7890_

[ ] PLAINTIFF [ ] DEFENDANT [X] ATTORNEY FOR [X] PLAINTIFF
[ ] DEFENDANT

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

# VIRGINIA

## IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

JAMES C. JUSTICE COMPANIES, INC, et al

### Plaintiffs,

V.                                      Case Number:  CL14-779
                                                      7:14-CV-193

XCOAL ENERGY & RESOURCES, et al,

### Defendants.

Upon request of the United States District Court, as stated in its letter and by

Court Order entered *June 2*, 2014, and filed in this office; the above captioned

file of the Circuit Court of the City of Roanoke, Virginia has this ___*10th*___

day of ___*June*___, *2014*, been (hand delivered)(mailed) to; United States

District Court for the Western District of Virginia

Delivered (sent) By:              Title:              Date:

_____         Deputy Clerk         *6/10/14*

Received By:(*)                   Title:              Date:

_____         *Deputy Clerk*       *6/10/14*

*(If file was to be mailed-this line should reflect when & how mailed.)

This document is to be placed in the Circuit Court Clerk's Office, in the original

location of transferred file.   It will be noted in computer, CMS-hear/disp. screen in

"remarks".  When the original file is returned to this office, the date of return and

signature of Deputy Clerk receiving the  file, will be indicated below and this

document will be placed inside the file, top, right hand side.  The file will again be noted

 in computer, CMS-hear/disp. "remarks" section the date of return.

_____              _____

Date returned                      Deputy Clerk